No. 83.—MARTHA BOOTH, plaintiff in error, vs. RICHARD TERRELL, defendant in error.

[1.] Where H loaned property to T and his wife, for the life of the latter, with the understanding, that at her death, the same "should be returned to his daughter M:" *Held*, that this was not an attempt to vest a remainder in M by parol gift; and that she might sue for and recover the property from T; after the death of his wife.

Trover, in Newton Superior Court. Tried before Judge STARK, March Term, 1855.

This was an action of trover brought by John P. Booth and his wife, Martha Booth, against Richard Terrel, for the recovery of eight negro slaves, to wit: Letty and seven chilren, named in the declaration. Pending the action, John P. Booth died, and the same proceeded in the name of the wife.

The defendant pleaded the general issue and the Statute of Limitations.

On the trial, plaintiff proved by two witnesses, that in the year 1820, in Jefferson County, Richard Hodges, the father of Mrs. Booth, *loaned* Letty, the negro woman sued for, to Richard Terrell and his wife, for and during the life-time of the latter, with the understanding, that at the death of Mrs. Terrell, the said girl Letty should be returned to his daughter, Martha Hodges, the plaintiff in the action. Plaintiff also read in evidence the will of Richard Hodges, the 2d item, of which read as follows: "I give and bequeath to my daughter, Martha Hodges, eleven negroes, named as follows: Mary and her four children, (naming them and others,) and Letty—the last named in the possession of Mrs. Terrell, and to remain so during Mrs. Terrell's natural life; then to become the property of my daughter, Martha Hodges." The plaintiff also proved the death of Mrs. Terrell, the conversion and value of the negroes, and closed.

The defendant introduced testimony which it is unnecessary to set out here.

The Court charged the Jury: "if Hodges had title, and loaned the property to Mrs. Terrell for life, and at her death to be returned to him or his heirs : if this state of facts has been proven, it shows that Hodges never intended to part with the dominion of the property ; and the plaintiff, on this state of facts, must recover.    If Hodges had title and loaned the property to Mrs. Terrell for life, to be delivered, at her death, to the plaintiff, this is an attempt to create an estate in remainder by parol, which cannot be done ; and the dominion of the property having been parted with by the lender, it vested an absolute fee simple estate in Mrs. Terrell, and through her in her husband ; and if this state of facts has been proven, your finding must be for the defendant."

To which charge, Counsel for plaintiff excepted.

EZZARD ; CLARK, for plaintiff in error.

FLOYD, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

We think that the Court below erred in so framing his charge, that the Jury might infer, from the language used, that though a loan from one person to another were *gratuitous;* yet, if the property were to be delivered to a third person at the termination of the loan, the lender had parted with all dominion over it from the beginning, and the transaction amounted to a gift to the first taker.

The Court says : "If Hodges had titles, and loaned the property to Mrs. Terrell for life, to be delivered, at her death, to the plaintiff, Martha Booth, this is an attempt to create a remainder by parol, which cannot be done ; and the dominion over the property having been parted with by the lender, it vested an absolute fee simple estate in Mrs. Terrell, and through her, in her husband."

The predicate for the conclusion which the Court draws, viz : that a fee simple vested in Mrs. Terrell is, that the

property was loaned to her for life, to be delivered at her death. If Hodges, says the Court, *loaned the property, for life, to Mrs. Terrell, to be delivered, at her death, to the plaintiff, that vested an absolute fee simple estate in Mrs. Terrell.*

According to this reasoning, it follows, therefore, that though the loan was gratuitous, and was intended to have nothing but the characteristics of a *gratuitous loan*, one of which is, that it must "rest upon the good pleasure and faith of the lender," and is "strictly precarious." (*Story on Bail*, §258, *and cases there cited.*) Yet, if the property was to be delivered to the plaintiff at the death of Mrs. Terrell, it amounted to a gift. This proposition is equivalent to the declaration, that though, by the transfer of the property to the plaintiff, the lender, Hodges, intended to loan the property, and not to part with dominion over it; yet, by such transfer, he did part with dominion over it, because it was not to return to him upon the death of the bailee.

We cannot recognize the correctness of this proposition. On the contrary, it appears to us, that in the very nature of terms, the lender did not part with dominion over the property, so far as the right to withdraw it from the possession of Mrs. Terrell was concerned, if it were a *gratuitous loan* to her ; and therefore, the conclusion of the Court was erroneous.

But it is urged that the meaning of the Court may have been, that if Hodges *had* parted with dominion over the property, by the loan to Mrs. Terrell, this gift was an attempt to create a remainder by parol, whether he had said, or not, that he *loaned* the property.

Two criticisms are to be made upon this observation : 1. Such seems not to have been the way in which the Court desired to be understood, as we infer from the fact, that the learned Counsel, in his argument, has presented the view which we attribute to the Court. 2. If the meaning of the Court were such as last suggested, he did not clearly express himself, so that the Jury might understand the difference between such a parting with the property, and a mere gratuitous loan, in

which the owner did not intend to part with dominion over it; and therefore, the Court erred.

Let the judgment be reversed.