RICHMOND J. TERRELL, adm'r., plaintiff in error, vs. JOHN McKINNY and wife, defendants in error.

[1.] It is not error to admit in evidence on the trial of an action of trover, a will under which the plaintiff claims title from the testator. Such will does not prove title in the testator.

[2.] This Court settled in this case, in the 16 and 18 *Ga. Rep.*, that the verbal gift over of the property in controversy was not a gift in remainder, and the Court ought not to have charged the jury that if they believed it was a gift in remainder, it was void; especially, as it is manifest that the donor did not intend that the donee for life should take more than a life estate.

[3.] The jury may find a larger amount of damages in an action of trover than those specifically alleged as the value of the property sued for, provided they do not exceed the amount alleged in the conclusion of the declaration.

[4.] Where there is conflicting evidence, and it preponderates in favor of the verdict, a new trial will not be granted.

TROVER, in Newton Superior Court. Tried before Judge CABANISS, March Term, 1858.

This was an action of trover brought originally by John P. Booth and his wife Martha Booth, against Richmond Terrell, for the recovery of a negro woman slave Letty, and her children, named in the declaration.

Pending the action, John P. Booth died, and the same proceeded in the name of his wife, until her marriage again with John McKinny, who was made a co-plaintiff. The defendant, Richmond Terrell, also having died pending the suit, Richmond J. Terrell, his administrator, was made a party defendant.

This case has been before this Court twice before. 16 *Ga. Rep.* 20, and 18th *Ga. Rep.* 570, which see for a more full statement of its facts.

On the trial, plaintiffs offered in evidence the will of Richard Hodges, the father of Mrs. McKinny, to the introduction of which defendant objected. The Court overruled the objection, and allowed the same to be read in evidence for the purpose, and only for the purpose of showing title in the

plaintiff.  To which ruling the defendant excepted.  The 2d item of which will is as follows:

" I give and bequeath to my daughter, Martha Hodges, eleven negroes, named as follows.  Mary and her four children," naming them and others, " and Letty; the last named in the possession of Mrs. Terrell, and to remain so during Mrs. Terrell's natural life, then to become the property of my daughter, Martha Hodges."

The defendant requested the Court to charge the jury, that if, from the evidence, they believed that Richard Hodges ever had title to the said negro Letty, and that when he put her into the possession of Mrs. Terrell, he intended it as a gift to her for life, and that he parted with the dominion of the said negro, or that he intended to do so, and that after the death of said Mrs. Terrell, the said negro should go to his daughter Martha, whether he used the word loan or not, it was an attempt to create a remainder by parol, and the title vested absolutely in Mrs. Terrell and her husband, and the remainder over was void, and they must find for the defendant.  Which charge the Court refused to give, and defendant excepted.

After the charge of the Court, the jury found for the plaintiffs $7,100, to be discharged by the delivery of the negroes within thirty days; also $1516 00 for hire.

Whereupon counsel for defendant moved for a new trial:

1st. Because the Court erred in admitting in evidence the will of Richard Hodges.

2d. Because the Court erred in refusing to charge as requested by defendant's counsel.

3d. Because the jury found for the value of the negroes, a sum greater than that laid in the declaration.

4th. Because the verdict is against the evidence, and against the law.

The Court overruled the motion for a new trial, and defendant excepted.

J. J. FLOYD, for plaintiff in error.

W. W. CLARK & EZZARD, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

This was a motion in the Court below, for a new trial, which the Court overruled, and the decision of the Court on that motion is assigned for error here. The action in the Court below was trover for the recovery of several negroes; Letty and her children. The plaintiff, Mrs. McKinney, was the daughter and only child of Richard Hodges, who, by his will, gave to her eleven negroes, and among them the woman Letty. By the will Letty was to be left in the possession of Mrs. Terrell, and to remain so during Mrs. Terrell's natural life, then to become the property of his daughter, Martha Hodges.

Richard Hodges married the daughter of Richmond Terrell, and the plaintiff claims that the woman Letty was given by Terrell to his daughter on, or subsequent to that marriage. The defendant denies the gift. Hence both parties claim through Richmond Terrell. Indeed, Richmond Terrell was the original defendant in the Court below, and he having died pending the suit, Richmond J. Terrell administered on his estate, and, as administrator, was made party defendant in the place of his intestate. After the jury in charge of the cause had rendered a verdict against the defendant in the Court below, he moved for a new trial on the grounds in the motion as set forth in the foregoing statement.

[1.] The first ground in the motion is, that the Court erred in admitting in evidence the will of Richard Hodges. It does not appear in the record on what ground the defendant objected to Richard Hodges' will, when it was offered in evidence. The presiding Judge allowed it to be received for

VOL. XXVI.—29

the single purpose of proving title in the plaintiff, or in other words, to show that whatever title Richard Hodges held to the negro in controversy, passed, on his death, under his will as therein given. There was no error in that, for it certainly did not prove title in the testator. Whether he had a right to bequeath the negro was a distinct matter.

[2.] The request which defendant's counsel made of the Court in writing, to charge the jury, ought not to have been given. To have given it would have been in violation of the judgment of this Court as pronounced in this case, on two occasions, 16 *Ga.* 21, 18 *Ga.* 570. In the first of these cases, this Court held that there was no remainder created by parol; that it was not attempted to create one. The judgment pronounced in the last case is the same. I will barely add, that the very general terms used in the Act of 1821 relative to conveyances generally, *Cobb* 169, *might* include verbal gifts, and if so, as a less estate than an absolute unconditional fee simple estate was mentioned, the donee of the life estate cannot claim a larger one, unless the gift was obnoxious to the provisions of the first section of that Act. It was not the case in respect to this gift. There is no objection to the bequest as expressed in the will. That is legal, and it vests the property in the plaintiff in the Court below so far as the title of the testator was concerned.

[3.] The next ground in the motion for a new trial is, that the jury found, for the value of the negroes, a sum greater than that laid in the declaration. The verdict of the jury is for a sum larger than the aggregate of the specific values of the negroes, as alleged in the declaration; but the damages found are not so large as are alleged in the *ad damnum* clause in the conclusion of the declaration. The jury cannot find exceeding that amount, but they may find a sum equal to or less than that sum.

[4.] The evidence was conflicting in regard to the passing of the title of the woman Letty, from Richmond Terrell to

his daughter on the intermarriage of Richard Hodges with her; but we are of opinion that the preponderance of it is with the verdict of the jury. The finding of the jury violates no principle of law.

Judgment affirmed.