### THE MACON AND WESTERN RAILROAD COMPANY *vs.* MEADOR BROS.

Under the short form of trover prescribed by the Code, an allegation that the property converted is of a value stated, and that defendant refuses to pay the profits thereof, is sufficient, without specifically alleging the amount of profits; and on such a declaration a verdict may be rendered for the value of the property, with interest thereon, in the nature of profits, the plaintiff choosing that form of recovery instead of proceeding for the highest proved value. Nor does it matter that such principal and interest aggregate more than the value laid in the declaration.

(*a.*) A verdict in trover being for the value of the property, "with interest," and conversion being a condition precedent to commenc-

ing suit, it was a reasonable construction of the verdict to allow interest from the filing of the writ, and the defendant could not complain.

Verdict.   Judgments.   Trover.   Damages.   Practice in Superior Court.   Before Judge SIMMONS.   Bibb Superior Court.   April Term, 1881.

Reported in the decision.

LANIER & ANDERSON, for plaintiff in error.

ISAAC HARDEMAN; HILL & HARRIS, for defendants.

SPEER, Justice.

This was a motion by the plaintiff in error to set aside a judgment which was refused by the court, and plaintiff in error excepted.

It appears from the record that Meador Bros. brought their action of complaint in trover against the Macon and Western Railroad Company, to recover certain packages of tobacco, numbered and described in the declaration, alleged to be of the value of four hundred dollars, and also alleging that defendants refused to deliver said goods to petitioner with the "*profits*" *thereon.* On the trial of said cause a verdict was returned in favor of the plaintiffs "for the sum of three hundred and eighty-six dollars with interest," and which, by writ of error, was brought to this court and affirmed. Judgment was entered on said verdict for the amount of three hundred and eighty-six dollars principal, and the sum of one hundred and eighty-six dollars and eighty-eight cents interest from the date of the filing of the writ to the judgment. Whereupon the Macon and Western Railroad Company made their motion to set aside and vacate said judgment on the following grounds':

(1.) That the declaration filed does not state any day or date from which interest is to run or be calculated.

(2.) Because the verdict does not state any time or date from which interest should run.

(3.) Because the amount sued for in the declaration is the sum of four hundred dollars and no more ; and for this reason the aggregate amount of said judgment could not be more than four hundred dollars ; and as the judgment stands it exceeds said amount ; and the motion is, if the court will not set aside the whole of said interest, that the same may be reduced, so that the aggregate amount of the principal and interest on said judgment shall not exceed four hundred dollars.

This declaration is brought in the statutory form to recover the tobacco sued for of " the alleged value of four hundred dollars, besides the profits thereon."

The complaint in trover provided for by section 3390 of the Code sets forth the form of the writ in such cases ; and all that it is necessary to aver as to the property and its use or hire is to allege a description of the property, its value, and that the defendant refuses to pay the profits thereof. It is further provided, " the verdicts of judgments thereon may be the same as in actions of trover." Under this form of action all proof would be admissible that would have been under the common law form. Under it interest is recoverable on the value proved, as profits, if a recovery is not sought to be had at the *highest* value proved at any time between the conversion and trial. 6 *Ga.*, 535 ; 59 *Ga.*, 395 ; 18 *Ga.*, 648. Here the interest is recovered instead of profits, and under the rule applicable to this form of pleading, we hold that if the recovery of the *principal* does not exceed the alleged value of the property sued for, interest thereon may be recovered as profits without reference to the value of *profits* alleged in the writ. In 57 *Ga.*, 418, it was ruled " that dividends on railroad stock correspond to the ' hire ' of property." In 26 *Ga.*, 447, this court held " that even under the old form of pleading in trover the jury may find a larger amount of

damages than those specifically alleged as the value of the property sued for, provided they do not exceed the amount alleged in the conclusion of the writ."

As the object of the new form of action was to simplify and liberalize pleading, and the "*ad-damnum*" clause, which ordinarily alleged the damages at double the amount claimed in the writ, was not required, we do not suppose by its omission the legislature designed to *restrict* a recovery to the amount first alleged. We somewhat analogize the writ to a suit on a contract where it is alleged the principal sum is due with interest. Under such allegation the interest is recoverable without reference to the amount alleged as interest.

This verdict, we think, can be reasonably construed as to the amount of interest. In the absence of any proof to the contrary, evidence of conversion *must have been proved* on the trial before suit, and from the time of conversion interest is recoverable. Hence, we think the plaintiff below, by a reasonable legal construction of the verdict, was entitled to interest on the value recovered, at least from the commencement of the suit, as the conversion preceded that time, and as such was the computation in this judgment, we see no error in it.

Let the judgment below be affirmed.