THE GEORGIA RAILROAD AND BANKING CO. *v.* CRAWLEY.

1. In an action against a railroad company for killing mules the whole of the amount awarded by the verdict is damages, although it may include interest added by the jury to the value of the mules. And if the amount thus found is in excess of the amount claimed in the declaration, there being no amendment to cover the excess, the verdict is illegal and should be set aside, unless the court, being otherwise satisfied with the verdict, order the excess to be written off. (R.)

2. The evidence upon the last trial was not materially different from what it was when the case was formerly before this court (82 *Ga.* 190), when it was held that a verdict against the defendant was contrary to the evidence. (R.)

May 6, 1891.

Damages. Verdict. Railroads. Negligence. Before Judge RONEY. McDuffie superior court. March term, 1890.

Reported in the decision.

J. B. CUMMING, M. P. REESE and BRYAN CUMMING, for plaintiff in error.

THOMAS E. WATSON, by brief, *contra.*

SIMMONS, Justice.

Crawley sued the railroad company for the killing of two mules, alleging in his declaration that the defendant had damaged him $200. The jury found in his favor $278.25. The defendant made a motion for a new trial, on the grounds that the verdict was contrary to the evidence; that the evidence showed that the defendant exercised all ordinary and reasonable care at the time the mules were killed; that the verdict was for a larger sum than that sued for; and that no amendment was made covering the excess, and no order passed requiring the plaintiff to write it off. The trial judge refused to grant the motion upon either or any of the grounds, and the defendant excepted.

We think the court erred in refusing a new trial.

The declaration alleged that the plaintiff had been damaged in the sum of $200, by the negligent killing of the mules by the defendant; and the jury by their verdict gave him a larger sum than he claimed in the declaration. The amount of damages claimed in the declaration is the limit of the plaintiff's recovery, and where the verdict is rendered for a greater sum, the court should set it aside unless the plaintiff amends his declaration to cover the excess. In this case there was no amendment, and no offer to amend, either before or after the verdict, to cover this excess of damages; nor did the court require the plaintiff to write off the excess, as he should have done if he was otherwise satisfied with the verdict. *Giles, ord'y,* v. *Spinks,* 64 *Ga.* 205; 2 Sedg. Dam. (7 ed.) 614; 5 Am. & Eng. Enc. of L. 53; 3 Estee Plead. §4909; 1 Tidd's Prac. 697; Decker *v.* Parsons, 11 Hun, 295; Corning *v.* Corning, 6 N. Y. 97; Manson *v.* Robinson, 37 Wisc. 339; Kelley *v.* Third Nat. Bank, 64 Ill. 541.

It is claimed, however, by counsel for the defendant in error that this case has been pending nearly ten years; that the proved value of the mules was $175, and that interest on this amount up to the time of the verdict, at seven per cent., would make the sum found by the jury; that the jury did not find as the principal debt more than the amount laid in the declaration, but added the $78.25 as interest, and therefore the verdict was for no more than was claimed in the declaration. While the jury in a case like this may add interest to the value of the property which has been injured, if they do so it is really not interest but damages. They cannot find so much principal and so much interest— as they could upon a promissory note, but their verdict must be for so much damages, although it may include interest against the defendant. And if the amount thus found is in excess of the amount claimed

in the declaration, the verdict is illegal and should be set aside, unless the declaration is amended or the court requires the excess to be written off.

The court, therefore, should have granted a new trial upon this ground. And we will say that if he had granted it upon the other grounds set out in the motion, we would have sustained his judgment in so doing. The evidence upon the last trial was not materially different from what it was when this case was here before (82 *Ga.* 190), and it was then held that a verdict against the defendant was contrary to the evidence, and the grant of a new trial by the court below was approved on this ground.

We reverse the judgment, with direction that the case be tried again in the court below, unless the plaintiff should elect to dismiss his action.

*Judgment reversed, with direction.*