## HUNNICUTT *v.* PEROT.

*Simmons, C. J.*—1. A plaintiff cannot recover an amount larger than is claimed in his declaration, although the evidence shows that a larger amount is due. In the present case direction is given that the excess in the amount of the verdict be written off.

2. A surety on a promissory note, although the note be payable at a bank, is not entitled to notice of the non-payment thereof or of the protest of the same for non-payment.

3. The evidence does not sustain the defendant's pleas as to the extension of the time of payment for a consideration, or as to the failure of the plaintiff to enforce the lien against the principal debtor.

*Judgment affirmed, with direction. All the Justices concurring.*

Argued January 6,—Decided January 21, 1897.

Complaint on note. Before Judge Berry. City court of Atlanta. March term, 1896.

Charles P. Perot brought suit upon a promissory note for $5,294.33 principal, with interest from date at eight per cent., dated November 9, 1891, due May 9, 1893, payable to the Equitable Engineering & Construction Company or

order, and signed by the Athens Railway Company, John T. Voss, E. G. Harris and J. A. Hunnicutt. It stated that this was one of three notes of like tenor and effect; and was endorsed by the payee. It bore a credit of $500 cash paid March 8, 1894, and the suit was for $4,794.33 principal, besides interest, and was filed on the 8th of June, 1894. None of the defendants filed any plea, except Hunnicutt. The issues raised by this plea were tried by the judge without a jury, and he rendered judgment in favor of the plaintiff for $5,294.33 principal, and $1,310.67 interest to date of judgment. Hunnicutt's motion for new trial was overruled, and he excepted. The motion alleges: (1) That the verdict is contrary to law and evidence. (2) That the court erred in not granting a nonsuit on motion. (3) Error in entering judgment for $5,294.33 principal, when the principal sum sued for is $500 less than that amount. (4) Error in entering judgment against movant as principal or maker of the note, when the evidence showed that he was only surety, and that the original payee had notice of the suretyship at the time the note was signed; and movant, as far as said original payee was concerned, was entitled to notice of protest. (5) Error in entering judgment against movant for an amount in excess of the interest claimed in the note by plaintiff, to wit, $2,200 and interest, less a credit of $500; the evidence showing that as to the original payee defendant was released of all liability on account of the failure of the payee to enforce its lien for material furnished, against the Athens Railway Company. (6) Error in not admitting the evidence of movant, that he informed George Thomas, attorney for the payee, that he was surety only on the note, that Thomas is now dead, that he was his attorney also, and knew that he was only surety on the note at the time he signed it. (7) Error in admitting the note in evidence, for the reason that the suit was instituted and proceeding against the Athens Railroad Company and others, when the note was executed by the Athens Railway Company and others.

(It does not appear that any objection was made to the note when introduced.)

The testimony of the defendant was, in brief, as follows: Plaintiff had admitted that he had only $2,200 interest in the note, and of that sum $500 had been paid to his attorney. Defendant signed the note at the request of the parties thereto; he had no interest in the consideration of it. By an omission "security" was left off after his name; he was only surety on the note. The consideration was the material used in the construction of the Athens Railway Company. He owned no stock or bonds in that company, and had no interest in the Athens Street Railway Company when he signed the note. The payee is a non-resident. He thought the equipments would pay the debt, and that was why he signed the note. The property of the Athens Railway Company was worth the debt and the road was worth the debt at the time this note was taken. The other makers were good when the note fell due. The first time he ever had notice of plaintiff owning the note was after it was due. The $500 he had paid was after it was due, and it was paid to plaintiff's attorney. Defendant's attorney, George Thomas, was absent in Europe and he paid the $500 without consulting with him and in ignorance of his legal rights. He never waived protest on this note. He was endorser upon it. He admitted his signature to the fourteen letters from himself to plaintiff's attorney, afterwards put in evidence. He notified Voss and Harris that he was surety on it. He did not know who he told, representing the payee, that he was security, except Thomas. He also signed two other notes of the same size, which were paid. Did not know that the payee had released its lien for material in equipping the railway, on account of its confidence in him. He had no mortgage on the railway. Harris and Voss were good when the note matured; they said so, and he had every reason to believe it. Voss owned a railroad and had a house and lot in Macon at that time. The parties representing

plaintiff knew he left surety off his name on the note by mistake. The railroad company was sold after the note was given and brought $20,000. The reason why he wrote for time was that times were hard. He had not been disposing of his property since this suit, but was unfortunate and had lost money. Does not know when he asked plaintiff's attorney to proceed to collect the money, nor that he wrote plaintiff or the payee at all. The Savings Bank, and not his bank (the University Bank), had a mortgage for material furnished on this railroad by construction company. Thomas was attorney for the payee, and knew that he signed the note as accommodation endorser. He never got a dollar from the Athens Railway Company. Some time before this trial he had given notice to the principals named in the note of his intention to plead suretyship.

There was testimony by plaintiff, that he obtained the note on July 14, 1892, when he loaned the payee $2,200 on the security of the note, which was to bear interest from that date, and no part of said indebtedness had been paid; and that he had no notice of any defense by Hunnicutt at the time he took the note. A number of letters referred to, from defendant to plaintiff's attorney, were put in evidence, bearing various dates from May 26, 1893, to April 20, 1894, asking for indulgence, expressing thanks for indulgence extended, and promising payment of the note, without giving any intimation of any of the defenses set up by the pleas, the material substance of which is indicated by the foregoing statement of the testimony.

*Lumpkin & Burnett, T. J. Ripley* and *Harrison & Peeples*, for plaintiff in error.

*Burton Smith* and *Shepard Bryan*, contra.