## SOUTHERN RAILWAY COMPANY *v.* BANKSTON.

There being no evidence to authorize it, the court erred in charging the jury as follows: "The plaintiff, in addition to the nominal damages sued for, claims a right to recover punitive damages. In connection with that claim of the plaintiff, I read you certain sections of the code: 'In every tort there may be aggravating circumstances, either in the act or in the intention, and, in that event, the jury may give additional damages either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff.' "

Submitted May 22,—Decided November 24, 1908.

Action for damages. Before Judge Felton. Crawford superior court. November 29, 1907.

*C. E. Battle, Howell Hollis,* and *A. J. Danielly,* for plaintiff in error. *R. C. LeSueur* and *H. A. Mathews,* contra.

Beck, J. The plaintiff, while a passenger upon one of the trains of the defendant company, was carried beyond her destination, through the negligence of the company's employees, and brought suit for the recovery of damages therefor; and upon the trial the jury returned a verdict in her favor. A motion for a new trial was made, and overruled, to which ruling the railroad company excepted. The evidence, so far as it is material to the questions raised in the motion for a new trial, is, in substance, as follows: On the 24th day of November, 1906, the plaintiff, a young lady of about fifteen years of age, boarded a train of the defendant company at Roberta, Ga., to go to the station of Lee Pope. The last-named station is a flag station; and the plaintiff paid her fare on the train, from Roberta to the point of her destination, telling the conductor, at the time of making payment of the fare, that she wished to "go to Lee Pope." The train failed to stop at that station, and the plaintiff was carried to Ft. Valley. When

she arrived there, having no money with her, she went to the house of an acquaintance, being accompanied there by a young man, the son of the acquaintance with whom she spent the night. She was mortified and embarrassed at having to go to the house of an acquaintance to spend the night. Her acquaintance, referred to in this testimony, had lived previously at Roberta, Ga., the place of residence of the plaintiff, and there the acquaintance was formed. The plaintiff herself testified: "I never did visit Mr. or Mrs. Clark [the acquaintance at whose house the night was spent], nor did my father or mother that I know of. I knew they were respectable people, and spoke to them. I appreciated their hospitality, but I hated to go there. I felt safe, of course, but I did not feel any ways good about it. I knew Mrs. Clark would take care of me—she said she would. . . Neither Mr. Woodall nor Mr. Mitchell showed me any discourtesy that night. They did not do anything at which I could take offense—only took me by [the station to which she was traveling]. After that they did nothing at which I took offense. He [the employee in charge of the train] did not say anything to worry me,—only took me by. After I found Mr. Clark, it was about a hundred yards to where his mother was. I was carried directly to his mother and put in her charge by young Mr. Clark, and went on home with her and spent the night." On the following day the plaintiff boarded at Ft. Valley, a train of the defendant company, and was carried without charge of fare to the station of Lee Pope, to which she intended to go when she first boarded the train at Roberta.

No discussion is necessary here to show that the court erred in giving the charge set forth in the headnote. The ruling made in this case follows necessarily from the application of the facts of the case to the law as stated in several decisions of this court heretofore made. The question under consideration has been so clearly ruled, that it is only necessary to cite certain cases, which compel the conclusion that we have reached, after reading the record in the case. *Southern Railway Company* v. *Harden,* 101 *Ga.* 263 (28 S. E. 847); *Southern Railway Company* v. *Bryant,* 105 *Ga.* 316 (31 S. E. 182); *Sappington* v. *Atlanta & West Point Railroad Company,* 127 *Ga.* 178 (56 S. E. 311).

There were other grounds in the motion for a new trial besides the one complaining of the charge referred to; but, in view of the

ruling made upon the controlling question, it is unnecessary to consider other assignments of error.

*Judgment reversed. All the Justices concur.*