## WADLEY v. DOOLY.

FISH, C. J. 1. An agent is personally responsible for his own tortious act. Civil Code, § 3613.

(a) The action was for personal injuries sustained by the plaintiff by reason of the alleged negligence of the driver of an automobile in running it against and over her. The owner and the driver of the machine were joined as defendants, and the petition averred that all the alleged acts of negligence on the part of the driver were done by him as the servant and agent of the owner in operating the machine. Elsewhere in the petition it was set forth that the driver was "over the age of 14 years, and as such responsible for and liable to be sued for any tort committed by him;" and that by reason of the allegations of the petition the defendants had damaged the plaintiff in a given sum. Process was prayed against both defendants, both were served and both answered. On the trial, upon the conclusion of the evidence for the plaintiff, a nonsuit was granted as to the owner of the machine. The other defendant (the driver) then moved for a nonsuit on the ground, that no suit was filed against him individually—there being no allegation against him other than as agent for the owner of the machine; that the action was not against the defendants as joint tort-feasors; and that as the evidence did not authorize the verdict against the owner, who was sued as principal, no verdict could be rendered against his mere servant and agent. This motion was overruled. The plaintiff was then allowed, over objection, to amend the petition by alleging that all acts of the driver of the machine, averred in the original petition to have been done by him as agent, were also done "in his individual capacity, and the injuries complained of were also the result of [his] negligence and he is liable therefor." *Held*, that there was no error in refusing the nonsuit, nor in allowing the amendment, even if the original petition did not set forth a cause of action against the driver. See *Southern Railway Co.* v. *Grizzle*, 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191); *Baker* v. *Davis*, 127 *Ga.* 649 (57 S. E. 62).

2. The court instructed the jury as follows: "The plaintiff can not recover if she could by ordinary care have avoided the injury, or if the defendant has made it appear to your satisfaction that he exercised all ordinary and reasonable care." The last clause of this instruction was not aptly put, as the jury may have inferred therefrom that the burden was upon the defendant to make it appear to the satisfaction of the jury that he exercised all ordinary and reasonable care. When considered, however, in the connection in which it was given, and in view of the fact that the court specifically charged the jury that the burden of proof in the case was upon the plaintiff to prove to the satisfaction of the jury by a preponderance of the evidence every material allegation in the petition, it is not probable that the jury were misled by the instruction.

3. The lengthy request to charge, set out in the 10th ground of the motion for new trial, was properly refused, as there was no evidence whatever that the plaintiff saw the automobile before it struck her. The assignment of error was upon the refusal to give the entire request; and even if the balance of it was good, the assignment was nevertheless without merit.

4. The court did not err in charging that "the rule which requires one to avoid the consequences of another's negligence . . does not apply until such person sees the danger or has reason to apprehend it." *Central R. Co.* v. *Attaway*, 90 *Ga.* 656, 661 (16 S. E. 956) ; *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802).

5. In view of the evidence submitted upon the trial, the court erred in refusing to instruct the jury, in accordance with a timely written request, that " if you believe from the evidence that both the defendant and plaintiff were negligent, and that the plaintiff was equally negligent with the defendant, then I charge you the plaintiff can not recover." *Pickett* v. *Central Railway Co.*, 138 *Ga.* 177 (74 S. E. 1027), and cit.

6. The action being for damages from personal injuries, based on negligence alone, and, under the pleadings and evidence, no question of willfulness, wantonness, malice, oppression, or conscious indifference to consequences being involved, it was error to charge that: "In every tort there may be aggravating circumstances either in the act or the intention, and in that event the jury may give additional damages either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." *Southern Ry. Co.* v. *Bankston*, 131 *Ga.* 604 (62 S. E. 1027) ; *Southern Ry. Co.* v. *Davis*, 132 *Ga.* 812 (65 S. E. 131) ; *Southern Ry. Co.* v. *Phillips*, 136 *Ga.* 282 (71 S. E. 414).

7. As the suit was to recover damages for physical injuries causing nervous shock, physical pain, permanent impairment of ability to work and labor in the plaintiff's profession, loss of time, impairment of health, and expenses in the way of physician's bills, it was inapt to instruct the jury that " In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors." *Southern Ry. Co.* v. *Davis*, supra. While damages on account of pain and suffering are to be measured by the enlightened conscience of impartial jurors, the instruction above quoted was not strictly applicable to the case as tried, as a recovery was sought for damages not alone for pain and suffering.

8. The court did not err in refusing a request to give the following in charge: "If you believe from the evidence that the plaintiff in this case got off the street-car and did not see the approaching automobile, and did not look to see it, but that she was standing in the street with her back to the curbing, facing the street-car from which she had alighted, and, without looking, she suddenly turned from her position towards the curbing and in the direction in which the automobile was coming, and that such action on her part was negligence, and that this negligence was the real and proximate cause of her injury, then I charge you that she can not recover, even though you may believe from the evidence that the defendant was negligent in the manner alleged." The negligence alleged in the petition against the defendant was in substance as follows: Defendant was driving a very heavy and powerful automobile at a high rate of speed along the public street upon which plaintiff alighted from a street-car. In passing the car, which had stopped to allow the plaintiff to alight therefrom, the defendant did not slow up after the car had stopped. Defendant had full opportunity to see the

car and that it had stopped for such purpose. He blew no horn nor gave any other signal of his approach, but recklessly rushed by said car in said automobile without regard to the safety of persons alighting therefrom or crossing therefrom to the sidewalk. Plaintiff was in plain view of the defendant, and he was either "negligently not looking out, or was recklessly careless in not avoiding plaintiff and in driving too close to her." If the defendant was negligent in the manner alleged, then, if the plaintiff was negligent as stated in the request to charge, such negligence on her part could not be "the real and proximate cause of her injury."

9. In view of the whole charge the refusal of the requests to charge, other than those hereinbefore dealt with, was not cause for a new trial.

*Judgment reversed. All the Justices concur.*

JUNE 13, 1912.

Action for damages. Before Judge Daniel. Monroe superior court. April 8, 1911.

*Smith, Hammond & Smith* and *Persons & Persons,* for plaintiff in error. *King & Spalding and Underwood* and *Willingham & Willingham,* contra.