THOMASON *v.* MOORE, trustee.

ATKINSON, J. The purchaser of a diamond ring executed a written instrument describing the ring and reciting its purchase "for the agreed value of $220.00, two hundred twenty dollars," payable as follows: "$20.00 in cash and one note of $200.00 due June 17th, 1911." By the terms of the instrument the purchaser also acknowledged receipt of the ring, and stipulated that title to it should remain in the seller "until above amounts have been fully paid," and should default be made in any of the payments, then the entire amount to fall due at the option of the seller, who should also have the privilege "of retaking possession, and any and all amounts paid on same to be applied as for rent and use." As a part of the same transaction the purchaser also delivered to the seller a promissory note for $200 principal, besides interest from date, signed by other persons, payable to himself, due June 17th, 1911, and by him indorsed in blank. This was the note referred to in the instrument by which title was reserved in the seller. *Held*:

1. Under a proper construction of the instrument, title to the ring was reserved in the seller until payment of both the $20 and the note due June 17th. Mere delivery of the note did not constitute payment pro tanto of the purchase-price of the ring.

2. On the trial of a bail-trover suit for the ring, instituted by the seller against the purchaser after maturity of the note and default in its payment, it was not error to exclude testimony as to conversations between the parties, both before and at the time of execution of the instrument reserving title in the seller, which tended to contradict its terms.

3. In such an action, the plaintiff having elected to take a money verdict, the damages recoverable could not exceed the unpaid balance of the principal debt and interest thereon. *Bradley* v. *Burkett*, 82 *Ga.* 255 (2), (11 S. E. 491), and citations; *Ross* v. *McDuffie*, 91 *Ga.* 120 (16 S. E. 648); *Fussell* v. *Heard*, 119 *Ga.* 527 (46 S. E. 621).

(a) If this ruling in any manner conflicts with that made in *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (5), 732 (48 S. E. 143), that ruling must yield to those made in the earlier decisions.

4. The verdict was in favor of the plaintiff for a stated amount as principal and another stated amount as "hire." The amount specified in the verdict as principal was the correct balance of principal due under the contract of purchase, while the amount of "hire" specified exceeded the interest recoverable on the principal. The proper amount of interest being ascertainable as a matter of law and by mere calculation, following the ruling made in *Seaboard Air-Line Ry.* v. *Bishop*, 132 *Ga.* 71 (63 S. E. 785), direction is given that if within thirty days after the return of the remittitur to the trial court the plaintiff shall write off from the verdict $60.91, thus reducing the total amount found in favor of the plaintiff to $229.09, which equals the principal sum found due, plus interest thereon at seven per cent. per annum from January 7th, 1911, the date of the purchase, to April 24th, 1912, the date of the verdict, the judgment will be affirmed; but upon failure so to do the judgment will be reversed.

*Judgment affirmed, with direction. All the Justices concur.*

JANUARY 23, 1913.

Trover. Before Judge Pendleton. Fulton superior court. April 24, 1912.

*Jones & Chambers,* for plaintiff in error.

*J. E. & L. F. McClelland,* contra.