### 8167. PITTS & SON COMPANY v. BANK OF SHILOH.

1. The general rule that a plaintiff can not recover an amount larger than he is suing for, as shown by his pleadings, is applicable in trover proceedings.

2. In a trover suit, where there is no specific "ad-damnum clause in the conclusion of the declaration," and the prayer is that process issue, requiring the defendant "to be and appear at the next term of said court to answer this complaint," the amount of damages asked for will be construed to be the alleged value of the property sued for.

DECIDED JUNE 7, 1917.

Trover; from Harris superior court—Judge Munro. December 18, 1916.

*A. L. Hardy,* for plaintiff in error.

*E. B. Trammell, H. C. Cameron,* contra.

BLOODWORTH, J.   The Bank of Shiloh brought suit against I. H. Pitts & Son Company, alleging that said firm was in possession of three bales of cotton, good middling, weighing in the aggregate 1,625 pounds, which belonged to the plaintiff and was worth $195; that demand had been made on the defendant for the possession of the said property, and that the plaintiff had tendered to the defendant all warehouse charges and insurance due for the storage and insurance of the said cotton, and that the defendant refused to deliver the property.   The prayer of the petition was that "process may issue, requiring the said I. H. Pitts & Son Co. to be and appear at the next term of said court to answer this complaint."   The defendant in its plea admitted that demand had been made as alleged, and that it refused to deliver the property to the plaintiff; and denied that title to the property was in the plaintiff; denied that it was in possession of said property, and denied that the cotton was worth $195.   The evidence showed that G. M. Allen had delivered to I. H. Pitts & Son Company, warehousemen, three bales of cotton, for which he received "tickets," one for a bale weighing 550 pounds, and one for a bale weighing 525 pounds, each dated October 15, 1914, and the third ticket, dated 19/21/14 (evidently intended for 10/21/14), for a bale weighing 550 pounds, and that these tickets were deposited as collateral with the Bank of Shiloh.   One of the witnesses swore: "Two of the cotton samples Mr. Allen brought to the Bank of Shiloh, the receipt for which being dated 10/15/1914, were good middling 4's, the other bale was a 5."   The only evidence as to the value of the cotton was that of a witness who swore that "good middling cotton, or 4's, is worth to day 17 3/8, and 5's is 1/4 less,—17 1/8."   There was no amendment to the petition.   The trial resulted in a verdict for $280.97.   Defendant moved for a new trial.

1, 2.   It is contended that the verdict is contrary to law, because the only allegation in the petition in reference to value was that the property was worth $195, and the plaintiff elected to take a money verdict, and recovered $280.97.   In actions for the recovery of property unlawfully detained the rule is:   "When the plaintiff is content to recover the value of the property sued for at the time of the conversion thereof, and proves its value at that time only, he will be entitled to recover a verdict for its proven value at the time of the conversion, and interest thereon from that

time up to the time of trial. But if the plaintiff is not content to recover the value of the property sued for at the time of the conversion thereof by the defendant, and introduces evidence to prove the highest value of the property sued for between the time of the conversion and the time of trial, as he may do, then the measure of damages will be such proven value of the property sued for, without interest thereon." *Tuller* v. *Carter, 59 Ga.* 397; *Holmes* v. *Langston,* 110 *Ga.* 867 (36 S. E. 251) ; *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 568 (15) (44 S. E. 97) ; *O'Neill Mfg. Co.* v. *Woodley,* 118 *Ga.* 116 (44 S. E. 980) ; *Kaufman* v. *Seaboard Air-Line Ry.,* 10 *Ga. App.* 250 (73 S. E. 592). In the present case the highest proved value of the property between the date of the conversion and the date of the trial is far in excess of the value alleged in the petition. In *Terrell* v. *McKinny,* 26 *Ga.* 450, Judge McDonald said: "The verdict of the jury is for a sum larger than the aggregate of the specific values of the negroes, as alleged in the declaration; but the damages found are not so large as are alleged in the ad damnum clause in the conclusion of the declaration. The jury can not find exceeding that amount, but they may find a sum equal to or less than that sum." In the present case, as there is no specific "ad damnum clause in the conclusion of the declaration," and the prayer is that the defendant "be and appear at the next term of said court to answer this complaint," the amount of damages asked for will be construed to be the alleged value of the property, $195; and thus construing the petition, the recovery could not lawfully exceed this amount, as the only proof was as to the highest proved value, and to this no interest could be added. *Gatlin* v. *Matthews,* 16 *Ga. App.* 645 (2) (85 S. E. 953) ; *Tuller* v. *Carter,* supra.

In this ruling there is no conflict with those decisions which hold generally that a recovery can be had for the highest proved value between the date of the conversion and the date of the trial. As an abstract principle this is true, but it must be applied within the limitations of the pleadings. "A plaintiff can not recover an amount larger than is claimed in his declaration, although the evidence shows that a larger amount is due." *Hunnicutt* v. *Perot,* 100 *Ga.* 312 (27 S. E. 787) ; *S. A. L. Ry.* v. *Christian,* 115 *Ga.* 742-3 (42 S. E. 66). As illustrative of the above principle see *Bank of Blakely* v. *Cobb,* 5 *Ga. App.* 289 (63 S. E. 24) ; *Bradley*

v. *Burkett,* 82 *Ga.* 255 (11 S. E. 492); *Georgia Railroad &c. Co.*
v. *Crawley,* 87 *Ga.* 191-2 (13 S. E. 508); *Thomason* v. *Moore,* 139
*Ga.* 341-2 (77 S. E. 155).

3. As the other grounds of the amended motion refer to con-
duct of the jurors, it is not necessary to consider them, owing to
the direction given the case.

4. If within thirty days following the date of the filing of the
remittitur in the trial court the plaintiff will write off the excess
of the judgment above $195 principal, the judgment is affirmed;
otherwise a new trial is ordered.

*Judgment affirmed with direction. Broyles, P. J., and Jenkins,
J., concur.*