### 9462. MORRIS, administrator, *v.* SHEPPARD.

In a suit in trover brought under the present short form (which contains no ad damnum clause in the conclusion of the declaration), where the plaintiff elects to take a money verdict for the highest proved value of the property between the date of the conversion and the date of the trial, the recovery can not exceed the value alleged in the petition, without an amendment covering the excess.

DECIDED JULY 31, 1918.

Trover; from city court of Floyd county—Judge Nunnally. November 5, 1917.

*Nathan Harris,* for plaintiff in error. *C. I. Carey,* contra.

BROYLES, P. J. The plaintiff's petition alleged that the value of the two bales of cotton sued for was $115. The petition was not amended. Upon the trial the plaintiff elected to take a money verdict for the highest proved value of the property between the date of the conversion and the date of the trial. The jury returned a verdict for $241.50, which, on motion for a new trial, was approved by the court, and the defendant excepted to the refusal to grant him a new trial.

Under the ruling of the Supreme Court in *Moomaugh* v. *Everett,* 88 *Ga.* 67 (13 S. E. 837), and of this court in *Pitts* v. *Bank of Shiloh,* 20 *Ga. App.* 143 (92 S. E. 775), and in *Sappington* v. *Rimes,* 21 *Ga. App.* 810 (95 S. E. 316), the plaintiff in a trover suit can not recover an amount greater than he is suing for, as shown by his pleadings. As said by Judge Bloodworth in the *Pitts* case, supra: "In this ruling there is no conflict with those decisions which hold generally that a recovery can be had for the highest proved value between the date of the conversion and the date of the trial. As an abstract principle this is true, but it must be applied within the limitations of the pleadings." Neither is

this ruling in conflict with the decisions in *Macon & Western R. Co.* v. *Meador, 67 Ga.* 672, or in *Phillips* v. *Taber, 83 Ga.* 565 (10 S. E. 270), cited and strongly relied on by counsel for the defendant in error. In the *Meador* case the holding was "that if the recovery of the *principal* does not exceed the alleged value of the property sued for, interest thereon may be recovered as profits without reference to the value of the *profits* alleged in the writ." In the *Phillips* case (in which the writer was of counsel), the verdict returned was for the value of the property at the date of its conversion, plus its rent, and the total amount of the verdict exceeded the value of the property as alleged in the affidavit and bond solely because of the large amount of the verdict returned by the jury for the *rent* of the property. Eliminating from that verdict the amount found as "rent," the remaining amount was not more than the value of the property as stated in the affidavit and bond. And the Supreme Court held substantially in that case, as it had previously held in the *Meador* case, that *interest* on the principal may be recovered as profits or rent, without reference to the *value of the profits or rent* as alleged in the declaration. It is obvious that these two cases are quite different from the case at bar, where, under the election of the plaintiff, no part of the verdict returned was for interest, profits, or rent, but all of it for the *highest proved value of the property.* In our opinion the amount of the verdict and judgment was excessive and unauthorized, and the court erred in overruling the motion for a new trial. This ruling is not in conflict with anything said in the decision of this court in *Johnston* v. *Sheppard, 22 Ga. App.* 206 (95 S. E. 743), for in that case the record did not disclose that upon the trial the plaintiff elected to take a money verdict for the highest proved value of the property between the date of the conversion and the date of the trial.

While this court has the authority to order the judgment remolded by writing off a portion thereof, yet under all the particular facts of this case, it being a very close question as to whether the plaintiff was entitled to recover at all, this authority will not be exercised, but a new trial is ordered.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*