## 13443. HUFFMAN *v.* CAROLINA PORTLAND CEMENT CO.

BELL, J. 1. Where a verdict and judgment rendered in the municipal court of Atlanta in favor of a materialman were illegal to the extent of the special lien set up therein against the property of the defendant, there was no error by the court in allowing the attorney for the plaintiff (the materialman) to write off such illegal part of the verdict and judgment, pending the defendant's motion for new trial. *Haley v. Covington,* 19 *Ga. App.* 782 (3) (92 S. E. 297); *Bennett v. Hazlehurst Mercantile Co.,* 8 *Ga. App.* 591 (69 S. E. 1084); *Langley v. Simmons,* 143 *Ga.* 699 (85 S. E. 832); *Latimer v. Sweat,* 125 *Ga.* 475 (2) (54 S. E. 673); Civil Code (1910), § 5696.

2. There being some evidence to authorize that part of the verdict and judgment which was not written off, and no error of law in the trial being shown, the judge of the superior court did not err in overruling the defendant's petition for certiorari.

Judgment affirmed. *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 8, 1923. REHEARING DENIED FEBRUARY 22, 1923.

Certiorari; from Fulton superior court — Judge Pendleton. February 2, 1922.

*Neufville & Neufville,* for plaintiff in error.

*Kendrick L. Scott, Edgar A. Neely,* contra.

### ON MOTION FOR REHEARING.

BELL, J. In the motion for rehearing the court is reminded that at the time of our decision in this case we held, in another case (*Atlanta Gas Light Co.* v. *Sams,* post, 446), that " The mere voluntary writing off of a part of the verdict by the plaintiff is not in itself a ground for reversal, where it does not appear that this was done on the suggestion of the presiding judge, or that

his refusal of a new trial was influenced by the reduction of the verdict." It is suggested that the rulings are inconsistent; but this is not true. The actions are entirely different in their nature. The *Sams* case was a suit for damages for a homicide. Therein lies the distinction. " Where general damages have been recovered for a personal tort, if they are so excessive as to lead the court to suspect bias or prejudice, he may grant a new trial; but the judge has no power to say that the verdict in such a case should not. exceed a specified sum, and to require the plaintiff to write off a portion of the damages, and thereupon refuse a new trial. Aliter, in actions on contracts or for torts to property, the value of which may be ascertained, and in relation to which fixed rules for measuring damages are recognized." *Savannah &c. Ry. Co.* v. *Harper,* 70 *Ga.* 119 (2). See also *Seaboard Air-Line Railway* v. *Randolph,* 129 *Ga.* 796 (59 S. E. 1110) ; *Seaboard Air-Line Railway* v. *Bishop,* 132 *Ga.* 71 (63 S. E. 1103) ; *Thomason* v. *Moore,* 139 *Gc.* 341 (4) (77 S. E. 155).

In the instant case (a suit for the foreclosure of a materialman's lien) a distinct and illegal part of the verdict was written off by the plaintiff at the court's suggestion. In this kind of case this action of the court was entirely proper, and the ruling upon the motion for a new trial was in no way invalidated thereby.

*Motion for rehearing denied. Jenkins, P. J., and Stephens, J., concur.*