### 41513. COTTON STATES MUTUAL INSURANCE COMPANY v. DAVIS.

FRANKUM, Judge. The sole issue argued on the assignment of error before this court complaining of the overruling of the defendant's motion for a new trial relates to whether the award of attorney's fees was authorized. Irrespective of the evidence in the case, the record shows that the plaintiff in his petition prayed that the court adjudge attorney's fees against the defendant "in the event verdict is rendered for penalty on the basis of bad faith by the defendant." There was no prayer for general relief. The verdict of the jury was in the following form: "We, the jury find for the plaintiff the sum amount $484.83; attorney's fees $400.00, no penalty," dated and signed by the foreman. It thus appears that the plaintiff asked the court to award attorney's fees only in the event that the jury found a penalty against the defendant. The jury expressly declined to assess a penalty against the defendant but awarded attorney's fees which the plaintiff had not asked for under the circumstances. The plaintiff cannot recover more than he asked for in his petition. *Terrell v. McKinny*, 26 Ga. 447; *Steadman v. Simmons*, 39 Ga. 591 (4); *Macon & Western R. Co. v. Meador Bros.*, 67 Ga. 672, 675; *Georgia R. & Banking Co. v. Crawley*, 87 Ga. 191 (1) (13

SE 508); *Hunnicutt v. Perot*, 100 Ga. 312 (1) (27 SE 787); *Thomason v. Moore*, 139 Ga. 341 (4) (77 SE 155); *Bennett v. Bagwell & Stewart, Inc.*, 216 Ga. 290, 297 (4) (116 SE2d 288); *Johnston v. Sheppard*, 22 Ga. App. 206 (95 SE 743); *Poythress v. Hagan Grocery Co.*, 31 Ga. App. 611 (1) (121 SE 864); *Shaheen v. Kiker*, 105 Ga. App. 692, 696 (3b) (125 SE2d 541). Under the foregoing authorities the verdict was not void because it included attorney's fees, but was merely irregular, and this irregularity may be corrected by writing off the amount awarded as attorney's fees. Accordingly, the judgment will be affirmed on condition that the amount of $400 found as attorney's fees be written off therefrom before the judgment is entered on the remittitur; otherwise, the judgment is reversed.

*Judgment affirmed on condition. Bell, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 14, 1965—DECIDED OCTOBER 19, 1965.

*Merritt & Pruitt, Glyndon C. Pruitt*, for plaintiff in error.
*Owens & Porter, William J. Porter, Jr.*, contra.