41448, 41471.   LOUISVILLE & NASHVILLE RAILROAD
COMPANY et al. v. YOUNG; and vice versa.

ARGUED OCTOBER 6, 1965—DECIDED NOVEMBER 5, 1965.

*Fulcher, Fulcher, Hagler & Harper, W. M. Fulcher, A. M. Miller,* for plaintiffs in error.

*Randall Evans, Jr.,* contra.

FRANKUM, Judge. 1. In their argument before this court respecting their assignment of error on the overruling of their demurrers, counsel for the defendants in error insist only that the general demurrer to count 2 should have been sustained,

because they contend that count 2 sets forth and seeks to recover no item of recoverable damages. We think that their contention in this regard is meritorious. It will be seen that the plaintiff's prayers with respect to count 2 only seek recovery of punitive damages alleged in that count. While the allegations of fact contained in count 2 might be sufficient to authorize the recovery under that count for special damages or general damages, even though no amounts thereof are alleged in that count or incorporated therein by reference, there is nowhere in the petition any prayer for general or special damages referable to count 2. It is fundamental that each count in a multi-count petition must be complete within itself and state a complete cause of action. *Gaither v. Gaither*, 206 Ga. 808, 813 (58 SE2d 834) and cits. It is equally fundamental that a petition (and for this purpose each separate count must be considered under the foregoing rule as a separate petition) which does not allege and pray for either general, special or nominal damages states no cause of action and is subject to general demurrer. *Beverly v. Observer Publishing Co.*, 88 Ga. App. 490 (2, 3) (77 SE2d 80); *Gartrell v. Afro-American Life Ins. Co.*, 88 Ga. App. 806 (78 SE2d 92); *Hitchcock Corp. v. Turner*, 102 Ga. App. 452 (1) (116 SE2d 653). Finally, a petition (and in this case count 2) will not be construed as seeking the recovery of any item of damages for which the plaintiff does not pray. *Terrell v. McKinny*, 26 Ga. 447; *Steadman v. Simmons*, 39 Ga. 591 (4); *Macon &c. R. Co. v. Meador Bros.*, 67 Ga. 672, 675; *Georgia R. & Bkg. Co. v. Crawley*, 87 Ga. 191 (1) (13 SE 508); *Hunnicutt v. Perot*, 100 Ga. 312 (1) (27 SE 787); *Thomason v. Moore*, 139 Ga. 341 (4) (77 SE 155); *Bennett v. Bagwell & Stewart, Inc.*, 216 Ga. 290, 297 (4) (116 SE2d 288); *Johnston v. Sheppard*, 22 Ga. App. 206 (95 SE 743); *Poythress v. Hagan Grocery Co.*, 31 Ga. App. 611 (1) (121 SE 864); *Shaheen v. Kiker*, 105 Ga. App. 692, 696 (3b) (125 SE2d 541). Under these authorities count 2 of the petition failed to set forth a cause of action, and the trial court erred in overruling the general demurrers thereto.

We think that the general demurrer to count 2 of the petition should have been sustained for a further reason, however.

Conduct on the part of the defendants such as to authorize the imposition of punitive or exemplary damages must be wilful or wanton, or so reckless as to evince an entire want of care on the part of the defendants so as to raise a presumption of a conscious indifference to the consequences. Under this doctrine mere negligence can never amount to such aggravating circumstances as to authorize punitive or exemplary damages, and it has been held that the mere failure of the railroad to observe speed laws or to give statutory signals is insufficient standing alone to charge the railroad with wilful and wanton misconduct. *Southern R. Co. v. Davis*, 132 Ga. 812 (3), 816 (65 SE 131). Under the foregoing authority, before a railroad will be chargeable with wilful and wanton misconduct it must be shown that its servants knew that their conduct was such that it necessarily would inflict injury, or that they were chargeable with knowledge of facts which, coupled with their conduct, made injury inevitable. As was held in *Southern R. Co. v. O'Bryan*, 119 Ga. 147, 149 (45 SE 1000), an intent to inflict an injury must be inferable. To the same effect see *Southern R. Co. v. Bankston*, 131 Ga. 604 (62 SE 1027), and *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 166, 178 (48 SE2d 122). Properly analyzed, the allegations of wrongful conduct charged against the defendants in count 2 amount to no more than charging that their servants should have so operated the train in approaching the public crossings in Grovetown that they would have been able to bring it to a stop in the event they found persons or objects on the crossings after they rounded the curve 200 yards to the west of the first crossing. While it must be conceded that if these allegations were supported by sufficient evidence, a jury would be authorized to find that the defendants were guilty of common law negligence in so operating the train, the law does not impose an absolute duty on the operators of railroad trains to so run their trains that they will be able to stop them in all events, no matter what gets on the crossing ahead of them and under all circumstances. *Atlantic C. L. R. Co. v. Bradshaw*, 34 Ga. App. 360 (1) (129 SE 304); *Pollard v. Watkins*, 51 Ga. App. 762, 764 (181 SE 798); *Powell v. Carter*, 59 Ga. App. 683 (2 SE2d 191); *Georgia*

*Northern R. Co. v. Rollins,* 62 Ga. App. 138 (2) (8 SE2d 114);
*Atlantic C. L. R. Co. v. Parker,* 90 Ga. App. 251, 254 (1) (82
SE2d 706); *Georgia R. & Bkg. Co. v. Cook,* 94 Ga. App. 650,
652 (3) (95 SE2d 703); *Seaboard Air Line R. Co. v. Hollomon,*
97 Ga. App. 16, 22 (5) (102 SE2d 185); *Georgia Southern &c.
R. Co. v. Haygood,* 103 Ga. App. 381, 384 (5) (119 SE2d 277).
As was said in *Southern R. Co. v. Davis,* 132 Ga. 812, 818,
supra, recognizing that questions of wilfulness and wantonness,
as well as questions of negligence, are ordinarily for the jury,
"it will not do to say that the jury are the judges of whether
such conduct exists. They are not the judges of it, where there
is no evidence of it. Issues of fact are to be left to the jury,
where the pleadings and evidence justify it; but not where there
is no evidence authorizing it. There must be something more
than the mere proof of failure to give a statutory signal or make
a stop required by a statute in approaching a crossing. There
must be affirmative evidence of facts tending to show wilful-
ness, wantonness, or the existence of particular circumstances
from which an inference of a conscious indifference to conse-
quences might legitimately be drawn. And these facts must
be shown in addition to the mere omission to give statutory
signals or take statutory precautions in approaching crossings.
If this be not the law, then practically every case of negligent
injury can be made the vehicle of submitting to the jury the
question of wilfulness and wantonness, by merely using adjec-
tives in describing the character of the negligence." We hold,
therefore, that the facts alleged in this case do not authorize
the conclusion alleged in count 2 of the petition that the de-
fendants were guilty of wilful and wanton misconduct amount-
ing to a conscious indifference to the consequences so as to
authorize the imposition of punitive damages, and the court,
therefore, erred in overruling the general demurrer to count 2
of the petition.

2. It is error for the court to charge so as to submit to
the jury issues which are neither made by the pleadings nor
the evidence. *Ellison v. Robinson,* 96 Ga. App. 882, 886 (4)
(101 SE2d 902). Under the ruling in Division 1, the pleadings
did not authorize a charge submitting to the jury the issue

as to punitive or exemplary damages. Conceding, however, as contended by counsel for defendant in error, that evidence, as to the defendants' misconduct proximately causing the plaintiff's damages, showing that the defendants were guilty of numerous acts of negligence and authorizing a finding that the defendants were guilty of gross negligence, was introduced without objection, this evidence, nevertheless, was not sufficient to show that the defendants were guilty of wilful and wanton misconduct amounting to a conscious indifference to the consequences so as to authorize a verdict for punitive or exemplary damages, and the court erred, therefore, in charging so as to submit this issue to the jury as complained of in the first, third and fourth special grounds of the motion for a new trial (grounds 4, 6 and 7). Under this ruling, of course, the fifth special ground (ground 8) of the motion for a new trial contending that the verdict for punitive damages was unauthorized is also meritorious.

3. In his pleadings the plaintiff did not rely upon the failure of the defendant's engineer to keep a sharp lookout along the track ahead or on his failure to constantly toll the bell of the locomotive while within the municipality. However, the evidence was sufficient to raise the issue as to whether he had been negligent in this regard, and the trial court did not err in charging the jury the law with respect to the duty of operators of railroad locomotives to toll the bells of their locomotives when operating them through municipalities. While the general rule is that a charge on legal principles must be adjusted to both the pleadings and the evidence, this rule is qualified in those cases where evidence has been introduced without objection relating to the same cause of action, which evidence could have been authorized by an amendment of the pleadings. *Evans v. Henson*, 73 Ga. App. 494, 500 (2) (37 SE2d 164). It is contended in connection with this ground that there was no proof that Grovetown is an incorporated municipality or that any portion of the railroad lies within the municipality. This contention is without merit as the court will take judicial notice of Acts of the legislature, and it is fundamental that corporate charters are granted by legislative enactment. *Code* § 38-112;

*Owens v. Rutherford,* 200 Ga. 143, 149 (36 SE2d 309) ; *Davis v. Johnson,* 92 Ga. App. 858, 861 (90 SE2d 426). The fifth ground of the motion for a new trial shows no cause for reversal.

4. In the cross bill of exceptions complaint is made because the court overruled plaintiff's demurrers to the defendants' cross action. However, in the brief of counsel for the plaintiff in error the only issue argued relates to the demurrers to the allegations respecting the negligence of the plaintiff in driving his tractor truck and hauling the house trailer after sunset in violation "of the permit which was issued to him in compliance with Code Section 68-407 of the Code of Georgia, 1933, as amended," which was added as a ground of negligence charged by the defendants in the first amendment to their cross action. Plaintiff demurred to those allegations on several grounds, and defendants thereafter amended their cross action by attaching a copy of the purported permit. It will be noted that the allegations above referred to, which are contained in paragraph 7(a) of the defendants' amended cross action, refer only to the violation of the terms of the permit issued under *Code Ann.* § 68-407. The first ground of demurrer to these allegations was that they were conclusions, because no rule, regulation, or written instructions issued by a board or bureau of the State of Georgia was pleaded, and the defendants were not entitled to rely thereupon without pleading same. The paragraph demurred to makes no reference to any rule, regulation, or written instruction, and to the extent that the demurrer seeks to invoke or require the defendants to plead such a rule, the first ground of demurrer is a speaking demurrer. The same criticism may be leveled at the third ground of demurrer which attacks the allegation on the ground that there is no requirement of law that a special permit from the "State Highway Department of Georgia" be obtained in such cases. *Code Ann.* § 68-407, pleaded and relied on by the defendants, relates to permits issued by the Public Service Commission for the moving of vehicles or combinations of vehicles exceeding the length permitted by law, and the demurrer raising the issue as to a permit from the State Highway Department of Georgia, where no such permit had been referred to or pleaded by the defendants as the basis for their cross action,

was insufficient to present any question for the court to decide and was properly overruled. A demurrer, being a critic, must itself be free from imperfection and must, as it were, lay its finger upon the very point. This is particularly true of a special demurrer which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. *Martin v. Gurley,* 74 Ga. App. 642, 643 (40 SE2d 787).

The other grounds of demurrer attacking this pleading are clearly not meritorious. The defendants subsequently amended to meet the criticism that the length of the combined vehicles was not set forth, and the contention that the defendants were not within the class of persons intended to be protected by the requirement of the law that movement of vehicles of the kind being operated by the plaintiff could be had only between the hours of sunrise and sunset and upon the issuance of a permit by the Public Service Commission is patently without merit. No proper demurrer was filed attacking the cross action on the ground that the permit attached as an exhibit by a subsequent amendment was not one issued pursuant to *Code Ann.* § 68-407, since it was issued by an official of the State Highway Department and not by the Public Service Commission, if indeed such a showing would subject the defendants' pleading to demurrer. The argument contained in the brief of counsel for the plaintiff in the cross bill in this regard, therefore, presents no question for this court to decide.

Since all of the issues upon which we hold the trial court committed error, as complained of in the main bill of exceptions, relate solely to the issue of punitive damages, and since the jury's verdict for the plaintiff in this respect was in the amount of $4,250, this error can be cured by requiring the plaintiff, before the judgment of this court is made the judgment of the trial court, to write off this amount from the verdict and judgment rendered in this case, and a reversal of the case will not be required. Accordingly, the judgment will be affirmed on condition that this be done, otherwise, the judgment will be reversed.

*Judgment on main bill affirmed on condition; affirmed on cross bill. Bell, P. J., and Hall, J., concur.*