### 16626. HARRISON *v.* CARSWELL, MOXLEY & SON.

BELL, J.  1. Where one of the parties to a litigation tenders in evidence the record of a former suit between the same parties, including a judgment establishing in his favor certain issues involved in the case on trial, its erroneous rejection may ordinarily be cured by its subsequent admission before the introduction of evidence has closed.  There appears no reason why this rule should not be applicable in the present case.

2. The plaintiff showed that certain issues in the case on trial, as to which he would otherwise have had the onus, had been established in his favor by an adjudication in a former suit between the same parties. Assuming that under these circumstances the court should not have instructed the jury that the burden of proof was upon the plaintiff as to such issues, such a charge was not cause for a new trial where the court thereafter informed the jury of the effect of the former adjudication and eliminated from their consideration all issues that had been concluded thereby, and instructed them to consider only a certain other issue, which was not determined in the former litigation and which the court distinctly stated and specified as the sole issue for their determination.  See *Payne* v. *Allen,* 28 *Ga. App.* 8 (5 *a*) (110 S. E. 345).

3. Counsel for the plaintiff in error having submitted the case only by brief, and having made no reference therein to the general grounds or to the first special ground of the motion for a new trial, the overruling of which is complained of, these grounds will be treated as abandoned. Under the rulings made above, no reversible error was shown by any of the special grounds insisted upon.

> *Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*
>
> DECIDED NOVEMBER 17, 1925.

Complaint; from city court of Louisville—Judge Barwick.  May 2, 1925.

*W. T. Revell,* for plaintiff.