### 16746, 16747. HIRSCH *v.* PLOWDEN (two cases).

STEPHENS, J. 1. An ordinance of the City of College Park which provides that "it shall be unlawful to operate an automobile past any street-car or any portion thereof while such street-car is standing still for the purpose of receiving or discharging passengers" applies to the driver of an automobile approaching a standing street-car which is on his right, although it discharges its passengers upon the far side of the car and although the car may be headed in the direction from which the motorist is coming.

2. Where in the City of College Park there was a street-car track upon the side of the highway, and all the vehicular traffic going in both directions was on one side of the street-car track, and where a street-car operating along the track had stopped to discharge passengers upon the

far side of the car from that upon which the vehicular traffic passed, and where one of the passengers so discharged went to the rear of the street-car and crossed over the track on to the traveled part of the street and was run into and injured by an automobile approaching on the side of the highway contiguous to the track, and in a suit by the injured person against the owner of the automobile to recover for the injuries thus sustained, the evidence authorized the inference that the driver of the car passed a portion of the street-car while the latter was standing still, it was proper for the court to admit in evidence and give in charge to the jury the ordinance mentioned above.

3. Since the evidence authorized the inference that the driver of the automobile deviated from a straight course and turned in on to the plaintiff, it can not be said as a matter of law that the plaintiff was the cause of her own injuries because she heard the automobile approaching before she stepped from behind the street-car upon the traveled roadway.

4. It being clearly inferable from the evidence as delivered by the plaintiff that the automobile was close upon her, about eight or ten feet, before she was aware of its approach, and it being also inferable that the street-crossing at which she was attempting to cross was a dangerous place, the court properly gave in charge to the jury the statute requiring the operator of an automobile upon a public highway or street to give timely warning by the use of a signal apparatus and to reduce his speed upon approaching a dangerous place upon the street or highway.

5. In a suit for personal injuries, based upon negligence alone, it is inapt to give in charge section 4422 of the Civil Code (1910) as follows: "A physical injury done to another gives a right of action, whatever may be the intention of the actor, unless he is justified under some rule of law. The intention should be considered in the assessment of damages."

6. The evidence being susceptible of conflicting inferences as to whether the plaintiff was totally or permanently disabled, the court erred, as set out in grounds 6 and 9 of the motion for a new trial, in expressing an opinion that the plaintiff's injuries were total and permanent. Such errors require a new trial. The excerpts from the charge excepted to are as follows: "For illustration, if she was earning $150 a month at the time of the injury, find for what period of time she would have been able to earn that amount, how long that would continue, and see what the gross amount would be. After you find the gross amount, then it would be your duty to reduce that amount to its present cash value, inasmuch as it would all have to be paid at one time, and the present cash value would be very much less than the gross sum, and you would reduce it to its present cash value by any proper method of calculation you may adopt, using the 7% per annum basis for your calculation." "The only rule for your guidance in that regard, in finding what amount, if any, you shall give her on account of the physical injuries and the pain and suffering resulting therefrom, as well as the permanent character of those injuries, is your enlightened consciences as impartial jurors."

7. The exception to the court's refusal of a written request to charge section 5751 of the Civil Code (1910), relative to weighing negative and positive testimony, will not be passed upon, as a new trial is granted and the evidence may be different upon another trial.

8. The court did not err in refusing certain other written requests to charge, as the same, so far as they stated correct principles of law applicable to the case, were covered by the general charge.

9. The court, except as indicated above, did not err in the charge to the jury.

*Judgments reversed. Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED SEPTEMBER 23, 1926.

Damages; from city court of Decatur—Judge Daley. July 13, 1925.

*Carlton W. Binns, Dorsey, Shelton & Dorsey, Colquitt & Conyers,* for plaintiff in error.

*Hewlett & Dennis,* contra.