### 24784. ROZIER *v.* FOLSOM.

DECIDED MARCH 19, 1936.

*Wilcox, Connell & Wilcox, John B. Odum,* for plaintiff in error.
*Bennet & Bennet,* contra.

STEPHENS, J. Folsom sued Rozier for damages by personal injuries and property loss sustained in a collision between their automobiles, the total amount claimed being $17,091.45. The petition alleged that the defendant was altogether to blame for the collision, and was not exercising ordinary diligence in the management of his automobile in watching for other persons or objects along the road; that the plaintiff's automobile was completely demolished, to his damage in the sum of $275; that the defendant was driving in a northerly direction and the plaintiff in a southerly direction, the plaintiff going at a speed of about 15 miles per hour when he saw the defendant approaching; that the plaintiff was on his right-hand side of the road and placed his automobile in a few inches of the west ditch; that the defendant was driving at a speed of approximately 45 miles per hour when his automobile struck the plaintiff's automobile, which was virtually at a standstill; that the defendant did not turn to his right and give the plaintiff one half of the road; that the defendant was negligent in not exercising ordinary care in discovering the plaintiff sooner than he did; that the defendant did not see the plaintiff until the collision, and did not give the plaintiff one half of the road, as defendant was proceeding on the extreme west side of the road, which was the defendant's left side; and that the defendant was driving at a speed greater than 40 miles per hour. The petition further alleged numerous personal injuries, destruction of capacity to labor, pain and suffering, doctor's and medical bills. The defendant's answer, which was mainly a general denial, need not be set out. He testified that the morning of the collision was very cold, it was raining slightly, sleeting and freezing; that he had difficulty in seeing the road, on account of ice which formed on his windshield, and he did not see the plaintiff's automobile until the collision actually took place. The testimony as to the extent of the plaintiff's injuries was conflicting. The jury found for the plaintiff, $3,499.76. The defendant's motion for new trial was overruled, and he excepted.

Error is assigned on the charge of the court to the jury, in the language of the Code of 1933, § 105-601, as follows: "A physical injury done to another shall give a right of action, whatever may be the intention of the actor, unless he shall be justified under some rule of law. The intention shall be considered in the assess-

ment of damages." Counsel for the defendant in error concedes that it was error to charge the last sentence of the foregoing section, but claims that it was harmless in view of the moderateness of the verdict. This charge should not have been given, as there was no allegation and no evidence that the injury was intentional. *Georgia Railway & Power Co.* v. *Bryans,* 35 *Ga. App.* 713 (2) (134 S. E. 787); *Hirsch* v. *Plowden,* 35 *Ga. App.* 763 (5) (134 S. E. 833). Error is assigned on the charge in the language of § 105-2002, as follows: "In every tort there may be aggravating circumstances, either in the act or the intention; and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." This charge should not have been given, as there was no allegation and no evidence of aggravating circumstances. The suit was for compensatory damages only. *Southern Ry. Co.* v. *Bankston,* 131 *Ga.* 604 (62 S. E. 1027); *Southern Ry. Co.* v. *Davis,* 132 *Ga.* 812 (65 S. E. 131). Error is assigned on the charge in the language of § 105-2003, as follows: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." This charge should not have been given, because it was not applicable. *Southern Ry. Co.* v. *Nappier,* 138 *Ga.* 31 (6) (74 S. E. 778); *Wadley* v. *Dooly,* 138 *Ga.* 275 (6) (75 S. E. 153). In view of the errors stated, the verdict can not be sustained on the theory that its amount shows that the jury disregarded the illegal instructions. *Central of Georgia Ry. Co.* v. *Almand,* 116 *Ga.* 780 (43 S. E. 67). In *Augusta Factory* v. *Barnes,* 72 *Ga.* 217, it was held, that, as the verdict did not exceed the actual loss proved, the error in charging as to vindictive damages did not require a new trial. The suit in that case was by a father for lost services of a minor child, which were capable of computation. In another case cited for the defendant in error, where a similar ruling was made, the appellate court could tell from the record that the verdict did not include any damages as to which the court charged erroneously. *Lyle* v. *Etheridge,* 40 *Ga. App.* 808 (3) (151 S. E. 531). In *Southern Railway Co.* v. *Bullock,* 42 *Ga. App.* 495 (156 S. E.

456), it was not set out in the petition that the plaintiff had any earning capacity, and no proof of earning capacity was offered, and no other damages were sued for which would render § 105-2003 applicable to the case. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*