### 38212. ANDREWS TAXI & U-DRIVE-IT COMPANY v. McEVER, by Next Friend.

TOWNSEND, Judge. 1. Error is assigned on the following excerpts from the charge: *"In passing upon the weight, force and credit to be given to the evidence in the case, and in determining the credibility of the witness sworn,* and in determining where the preponderance of evidence lies, you may and should consider all the facts and circumstances in the case; the witnesses' manner of testifying; their intelligence; their means and opportunity of knowing the facts to which they testify; the nature of the facts to which they testify; the probability or improbability of their testimony; their interest or want of interest; also their personal credibility insofar as the same may legitimately appear to you from the trial of the case. *To the parties in the case, the case itself, or the results of the case*—all these matters and things are legitimate subject matters to be considered by you in passing upon the weight, force, and credit to be given to the evidence in the case and in determining where the preponderance of evidence lies, insofar as these matters and things may legitimately appear from the consideration of the evidence adduced upon the trial." (Emphasis added.)

(a) The first sentence, except for the italicized portion, is in the language of Code § 38-107 relating to the preponderance of evidence. It is not error to apply the rules stated therein to an

instruction on the means for determining the credibility of witnesses. *Reece* v. *State*, 208 *Ga.* 165 (6) (66 S. E. 2d 133). See also *Martin* v. *Waltman*, 82 *Ga. App.* 375 (61 S. E. 2d 214).

(b) The contention that the charge is error because not in the exact language of Code §§ 38-106 and 38-107 is also without merit. While the court referred to the "weight, force and credit to be given to the evidence," preponderance, by definition, means the superior weight of the evidence. Code § 38-106. Where these sections are charged substantially in the language of our Code, this is sufficient, providing no greater burden is put upon the movant than that provided by law. *Davis* v. *Wright*, 194 *Ga.* 1 (3) (21 S. E. 2d 88); *U. S. Fidelity &c. Co.* v. *Toombs County*, 187 *Ga.* 544 (9g) (1 S. E. 2d 411). The court did not err in referring to the preponderance of evidence as the weight, force and credit to be given to the evidence.

(c) The second sentence, which is the subject matter of special ground 2, might standing alone seem subject to the criticism leveled against it, which is that the court was in effect instructing the jury that they might consider the parties to the case, that is, a corporation on one side and a young boy appealing to their sympathy on the other, and thus be swayed by sympathy or prejudice rather than by the evidence in the case. However, read in its correct position in the charge of the court, immediately following the instruction as to the preponderance of evidence, it appears that the court was applying the components of the preponderance of evidence rule to the parties themselves, to the case itself, and to the result to be effectuated. It does not seem probable that the jury would take the language to mean otherwise, especially where, in the same sentence, they were limited to a consideration only of those things which might legitimately appear from the evidence adduced. These grounds are without merit.

2. Special ground 3 complains that the instruction as follows: "A carrier of passengers must exercise extraordinary diligence to protect the lives and persons of his passengers" was error for the reason that the court did not charge in connection therewith that a carrier "is not liable for injuries to them after having used such diligence." Code § 18-204. "An exception to an admittedly correct extract from the charge of the court, upon the ground that the court erred in giving it in charge, because

the court failed, in the extract quoted or elsewhere in the charge, to give additional instructions, presents no ground of error, and is therefore without merit." *Payne* v. *Young*, 27 *Ga. App.* 370 (4) (108 S. E. 312).

3. It was not harmful error to charge that extraordinary diligence is "that extreme care and caution which *every* prudent and thoughtful person exercises under the same or similar circumstances," although Code § 105-202 uses the language *"very* prudent and thoughtful persons." It is error to so instruct the jury as to place a burden upon the defendant greater than that imposed by law, and where the court charged that this burden was to use the "utmost care and diligence" the language was held error, on the ground that even very thoughtful and prudent persons may not use the absolute of utmost diligence used by the most thoughtful person in the world, although they use that diligence exhibited by very prudent and thoughtful persons. *East Tenn. V. & G. Ry. Co.* v. *Miller*, 95 *Ga.* 738, 741 (22 S. E. 660). At the risk of engaging in dialectics, it seems logical to say that, where the standard is the diligence of very thoughtful persons, and where utmost diligence is greater than the standard, the diligence of *every* prudent and thoughtful person is, if anything, less than the standard, for it includes the degree of diligence of all prudent and thoughtful persons, whether or not they reach the comparative form of *very* prudent and thoughtful persons or the superlative of the *most* prudent and thoughtful persons. No reversible error is shown in special ground 4 as against the defendant.

4. Error is assigned in ground 5 on the following excerpt from the charge: "The law provides no person shall drive a vehicle on a street or highway at a greater speed than is reasonable and prudent under the condition once having regard to the actual and potential hazards then and there existing," it being urged that the court misled and confused the jury by charging as negligence per se the violation of a statute not raised by the pleadings or evidence. The charge is abstractly correct, being substantially in the language of Code (Ann.) § 68-1626(a). It was impliedly invoked by that part of the petition which alleged that the defendant was guilty of negligence per se in operating the automobile at the speed of 40 miles an hour, no other reason being shown by the petition as

to why such speed should be in excess of the speed limit, no city ordinance having been pleaded, and no demurrer having been interposed to the allegation. There was evidence of hazard in that some witnesses testified that the collision occurred in a heavy downpour of rain when visibility was much impaired. The charge as given was equally applicable to the driver of the defendant's taxi or the driver of the automobile with which it collided and whose negligence the defendant contended proximately caused the injuries. The defendant, by failing to demur to this allegation of the petition in the first instance or to object to the evidence introduced thereafter waived his right to object to the charge on the ground that it was not adjusted to the pleadings and evidence. *Whatley* v. *Henry*, 65 *Ga. App.* 668 (16 S. E. 2d 214); *Kelly* v. *Locke*, 57 *Ga. App.* 78, 89 (194 S. E. 595).

5. A passenger in a taxicab is under no duty to supervise the driver thereof or to instruct him in the manner in which he drives unless he has reason to distrust the diligence of the driver in respect to such matters. *East Tenn., V. & G. Ry. Co.* v. *Markens*, 88 *Ga.* 60 (3) (13 S. E. 855, 14 L. R. A. 281). Where, as here, the plaintiff contended that his injuries were due solely to the negligence of the driver of a taxicab in which he was riding as a passenger, and the defendant contended that the negligence of the driver of an approaching automobile was the sole proximate cause of the injuries, there was no issue as to the negligence of the plaintiff, and the evidence divulged no negligence on the part of the plaintiff, or of comparative negligence as between the plaintiff and the defendant. The court therefore correctly omitted to charge on the subject of comparative negligence and diminution of damages. *Bain* v. *Athens Foundry &c. Works*, 75 *Ga.* 718 (3). The first sentence of Code § 105-603 dealing with contributory negligence of the plaintiff sufficient to bar recovery was charged by the court and, while it ought not to have been, this was not harmful as against the defendant. *Savannah, F. & W. Ry. Co.* v. *Godkin*, 104 *Ga.* 655 (3) (30 S. E. 378, 69 Am. St. Rep. 187); *Mayor &c. of Macon* v. *Humphries*, 122 *Ga.* 800 (5) (50 S. E. 986). Special grounds 6 and 7 are also without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed.  Gardner, P. J., and Carlisle, J., concur.*

D<small>ECIDED</small> M<small>ARCH</small> 18, 1960—R<small>EHEARING DENIED</small>
M<small>ARCH</small> 31, 1960.

*Fullbright & Duffey, Henry J. Fullbright, Jr.,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Robert G. Walther, Robert J. Reed,* contra.