### 38285. COLLINS v. PORTERFIELD.

TOWNSEND, Judge. The defendant in error, Porterfield, filed an action for damages in the Superior Court of Oglethorpe County against Leroy Collins for personal injuries growing out of an automobile collision allegedly the result of Collins' negligence. The trial resulted in a verdict of $15,000 for the plaintiff. The defendant's motion for new trial as amended was denied, and he brings error.

1. The excerpt from the charge complained of in special ground 4 is controlled adversely to the movant by the ruling in *Andrews Taxi &c. Co. v. McEver*, 101 Ga. App. 383 (114 S. E. 2d 145). Where the court charges the language of *Code* §§ 38-106 and 38-107 relating to the preponderance of evidence, it is not error to state that the language of *Code* § 38-107 is also a criterion for determining the credibility of witnesses. This portion of the charge was not error for any of the reasons assigned.

2. Special ground 5 complains of a lengthy excerpt from the charge which sets out first the eight alleged acts of negligence of the defendant as stated in the plaintiff's petition, then quotes the pertinent provisions of *Code Ann.* § 68-1626 relating to general speed restrictions applying to five of the allegations of negligence which are charged as negligence per se, and then concludes with the following words: "Whenever an alleged act of negligence is not a violation of the statute it may be claimed to be negligence as a matter of fact, and

whether in any particular case an act claimed to be negligence as a matter of fact is involved is a question for the jury to determine whether under the facts and circumstances such act or acts constitute negligence as a matter of fact."

(a) The fact that the court in a portion of the charge erroneously referred to *Code Ann.* § 68-1626 as *Code Ann.* § 68-1623, which deals with accident reports and was a matter not in issue and not placed before the jury, was not such an error as to prejudice either party. The contents of section 68-1626 were correctly charged, and the number of the section, whether right or wrong, meant nothing whatever to the jury.

(b) "Though it is better for him not to do so, it is not usually cause for a new trial that the judge gives in charge to the jury an entire statutory or Code provision, a part of which is applicable and a part inapplicable to the case under consideration. *Thompson v. Mitchell,* 192 Ga. 750 (2) (16 S. E. 2d 540)." *Pippin v. State,* 205 Ga. 316 (9) (53 S. E. 2d 482); *Griffin v. Ross,* 93 Ga. App. 407, 417 (91 S. E. 2d 815). In the present case the plaintiff's petition charged, and his evidence tended to show, that the defendant was traveling at a speed of 70 miles per hour which is in excess of the general State speed limit. There was no contention that the collision took place in a residential area. Accordingly, the court's charge of substantially the whole of *Code Ann.* § 68-1626, which included the statement that speed in a business or residential district is 35 miles per hour, was surplusage as to this statement, but it was not error, for the reason that nothing in the charge intimated to the jury that the defendant would have been guilty of negligence in exceeding a 35 mile per hour rather than a 60 mile per hour maximum. Special ground 6, which specifically assigns error on this sentence, is likewise without merit.

(c) The court did not, as contended, submit to the jury as infractions of statute those allegations of negligence charged only as negligence as a matter of fact, and which included failing to turn the plaintiff's vehicle to avoid a collision, failing to stop the vehicle to avoid a collision, and failing to reduce speed as he approached the plaintiff. The court did charge that portion of *Code Ann.* § 68-1626 as follows: "In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other convey-

ance on or entering the highway," which was proper in that the petition charged negligence per se "in failing to slow speed of his vehicle to avoid colliding with petitioner."

(d) Nor was the instruction error as being unduly repetitive of the subject matter.

3. (a) Special ground 7 assigns as error a lengthy excerpt from the charge relating to damages, being all of the instructions on that subject. The contention that the instructions were abstractly incorrect and unsound will not be considered where most of the excerpt is obviously correct and is not attacked in any manner showing that it is incorrect as a whole. *Grace v. Martin,* 83 Ga. 245 (5) (9 S. E. 841).

(b) Specifically, the plaintiff assigns error on the following language: "For a physical injury, one is entitled to recover whether there be any pain and suffering attendant thereon, or whether there be a loss of money attendant there. That is to say, a plaintiff is entitled to recover for a physical injury negligently inflicted by another person." The plaintiff in error contends that this is the equivalent of a charge of *Code* § 105-601 as follows: "A physical injury done to another shall give a right of action, whatever may be the intention of the actor, unless he shall be justified under some rule of law. The intention shall be considered in the assessment of damages." This section was held inapplicable to suits for damages for physical injuries based on simple negligence in *Rozier v. Folsom,* 53 Ga. App. 53 (185 S. E. 140), and has been held inapt in other cases, for the reason that in an action for compensatory damages where no wilfulness or malice is involved the intention of the defendant is not an element to be considered in arriving at the damages any more than the worldly circumstances of the parties. Accordingly, the vice of charging *Code* § 105-601 in a negligence case lies in the fact that it allows the jury to consider the defendant's intentions in the assessment of damages, where no damages based on wilfulness or malice are sought. The court did not charge that part of section 105-601 relating to intent and it is not objectionable for that reason, although it may have been inapt, especially as related to damages.

(c) It is further contended that the excerpt authorized a recovery for the plaintiff regardless of whether the injury resulted in damages or not. Standing alone it is subject to

such construction, but the court also charged in the same connection that damages are given as compensation for injury done and that the verdict should be in such amount as is just and fair to both parties. He charged extensively on the various items of damages. The evidence in this case backs the plaintiff's contention that the injury was attended with pain and suffering and resulted in a 30% permanent back disability. Lost time and lost earnings were not involved and were not given in charge. The charge as a whole was not such as to allow an illegal recovery. No reversible error is shown here.

4. Special ground 8 complains of the refusal to grant a mistrial on motion of the defendant's counsel, which motion recites in effect that "opposing counsel made the statement to the effect that there is somebody behind this case with reference to the defendant" which, it is contended, carried the implication that the defendant had insurance coverage. The court, after sending the jury out and discussing the motion, recalled them and charged as follows: "During the process of the argument to the jury by Mr._____, I believe a statement was made to the effect that there was somebody behind this case. Now, gentlemen, that statement is not to be considered by you in arriving at your verdict and you will completely disabuse your minds of that particular statement. You decide this case on the facts and as you find the facts to be and they are to be applied by you to the law of the case as given you in charge. Mr._____, that statement was improper and the court rebukes you for making that statement. Gentlemen, in arriving at your verdict you will disregard that statement and decide the case on the facts and the law to be given you in charge. Motion denied."

Under *Code* § 81-1009, where counsel make statements of prejudicial matters not in evidence the court on objection made shall rebuke counsel and by all needful instructions endeavor to remove the improper impression from the minds of the jury "or in his discretion he may order a mistrial." Granting that the plaintiff's attorney was in fact referring to insurance and the remark was so understood by the jury (which cannot be determined because the remark is not quoted exactly nor shown in context), and affirming that such reference is, unless corrected by proper instructions, ground for a mis-

trial, yet where such instructions are given, the overruling of the motion for mistrial will not be reversed unless (a) the instructions were insufficient for the purpose, or (b) the violation was so flagrant and the error so prejudicial that no instructions whatever would have been sufficient, and the judgment overruling the motion therefore constitutes an abuse of discretion. The court here both gave instructions and administered rebuke so definite and positive that, if the words were not sufficient for the purpose, it must be held that whenever any remark may be construed as referring to insurance it is of such prejudicial nature that a mistrial must automatically and under all circumstances be granted. That this is untrue, see *Chunn v. McRae*, 43 Ga. App. 417 (2) (159 S. E. 130). In *Wood v. Venable*, 83 Ga. App. 498 (64 S. E. 2d 387), where the denial of the motion for mistrial was reversed, the plaintiff testified, after being several times apprised that the matter was improper, that "they said they had fifty thousand dollars insurance," and the court, in overruling the motion, failed to rebuke the offending party. In view of the weakness of the plaintiff's evidence as to the defendant's negligence the error in that case was considered especially harmful. In this case, although there is a controversy as to the amount, the fact of liability is conceded on appeal because of the abandonment of the general grounds of the motion for new trial. The instructions of the trial court were prompt and vigorous; the remark was at least ambiguous, and in view of all the circumstances it cannot be said that the trial court abused his discretion.

5. It is contended in special ground 9 that the verdict is so grossly excessive as to demand a finding that it was the result of undue bias and prejudice on the part of the jury. The verdict in the sum of $15,000 upon a petition alleging damages in the sum of $100,000 was based in part on evidence of the plaintiff, a 37-year-old experimental worker with the United States Forestry Service, that as he rounded a curve the defendant approached him, speeding and on the wrong side of the road, and ran head-on into him; that he was taken to the hospital, and was unconscious for a period of several hours immediately following the impact, that he was cut across his left eye, his tongue was cut two-thirds of the way across, a hole knocked under his chin, a broken rib, crushed chest, and holes in his

right and left knees, his upper front teeth dislocated, and his back injured; that he had continuous pressure pain, quite severe and requiring drugs for allevation, that in the two and one-half years between the collision and the trial his tongue has caused continuous irritation "as if something is frying on it" and has remained sore and that he has continuous pain in his back from which he is never free. His physician testified that the plaintiff suffered a compression chest injury and broken rib; that it has resulted in osteo arthritis; that he also has a painful effect on his tongue which has become a site of chronic irritation caused by disturbance of the nerve supply, which is permanent in nature and produces pain; that he has sustained a back injury resulting in a permanent disability to his back of at least 30%, and that his continuing pain and suffering are evidenced not only by his subjective reactions but by loss of weight from 152 to 140 pounds.

While the evidence for the defendant indicated that the plaintiff sustained only minor contusions and presently shows no objective symptoms indicating permanent disability, and while the defendant undoubtedly believes that the verdict is excessive, based upon his own estimate of the plaintiff's damages, the plaintiff's evidence and not that of the defendant must be looked to in determining the issue of whether it is excessive as a matter of law; so considered, it is obviously well supported by evidence, much less than the amount for which the action was brought, and not excessive as compensation for the injury which the jury was authorized to find the plaintiff had received.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED JULY 1, 1960—REHEARING DENIED JULY 28, 1960.

*George B. Brooks, Marshall L. Allison,* for plaintiff in error. *Hamilton McWhorter, Hewlett, Hewlett & Wall, Sam D. Hewlett, Jr.,* contra.