### 42719. ELAM et al. v. ATLANTIC COAST LINE RAILROAD COMPANY et al.

Eberhardt, Judge. 1. The evidence did not demand a verdict for plaintiffs, hence there is no merit in the general grounds of the motions.

2. It is contended that there was error in the exclusion of a photograph of the crossing showing that the defendant had erected a sign on the western side and facing traffic approaching from the west (the deceased having approached from the

east) designating the crossing as dangerous and admonishing the traveling public that it was unsafe. The record indicates that the trial judge ruled the photograph "inadmissible at this time," but later in the trial the same photograph was identified by defendant's employee and witness when submitted to him by plaintiff's counsel and the court thereupon announced that the picture had "now become admissible" and that it was admitted into evidence. If the tentative exclusion was error the subsequent ruling cured it. *Mitchell v. Schofield's Sons Co.*, 19 Ga. App. 201 (1) (91 SE 275); *Holderness v. Hutcheson Mfg. Co.*, 25 Ga. App. 612 (3) (103 SE 838); *Harrison v. Carswell, Moxley & Son*, 34 Ga. App. 630 (1) (130 SE 694).

3. The enumeration asserting error in the exclusion of testimony of the clerk of the county commissioners that there had been no designation by the commissioners of the grade crossing as an unsafe one, nor any notification thereof to the railroad whereby it would be required to erect "unsafe crossing" signs under provisions of *Code* § 95-1801 is without merit, since the evidence did not and could not raise a duty on the part of the railroad to place signs specified in the Code section at the crossing, and was irrelevant to the issues.

4. The contention that a portion of the charge concerning the duties of railroads was erroneously given because the court did not, in connection therewith, give instruction as to "how or in what manner a railroad should have exercised such care and the presumption of negligence imposed on railroads by statutes," presents no ground of error and raises no question for consideration. *Payne v. Young*, 27 Ga. App. 370 (4) (108 SE 312); *Andrews Taxi & U-Drive-It Co. v. McEver*, 101 Ga. App. 383, 384 (114 SE2d 145). "A correct instruction to the jury is not subject to exception for failure, in the absence of an appropriate request, to embody an additional definitive or explanatory charge." *Sherrer v. Holliday*, 165 Ga. 413 (2) (141 SE 67); *Hennemier v. Morris*, 51 Ga. App. 760 (3) (181 SE 602).

5. An exception to a lengthy portion of a charge, containing several distinct propositions, on the ground that it is abstractly incorrect is without merit unless all propositions stated are abstractly incorrect. *Georgia, Fla. & Ala. R. Co. v. Lasseter*, 122 Ga. 679 (6) (51 SE 15). This is particularly true when there is no specification of the particular portion

claimed to be error, and if any of the extract excepted to is sound law an affirmance must result. *Cobb v. State,* 76 Ga. 664 (1); *Grace v. Martin,* 83 Ga. 245 (5) (9 SE 841); *Wheeler v. State Hwy. Dept.,* 106 Ga. App. 323, 325 (126 SE2d 808). Ground 4 of the amended motion for new trial and of the enumerations of error is without merit.

6. (a) Enumerations of error which are not argued or supported in the brief are deemed abandoned. A mere repetition in the brief of the enumeration of error itself does not constitute either argument or support by the citation of authority.

(b) Nor does an assertion that the portion excepted to "was couched in the alternative," or that it amounts to an "improper comment on the evidence," demonstrate error. The court simply pointed out questions raised by the evidence which were for the jury and which he instructed must be solved by them in arriving at the verdict. Enumerations numbered 5, 6, 7, 8 and 15 are without merit.

7. A contention that a portion of the charge "contains an improper statement of law relating to a flag crossing" without pointing out, in the amended motion for new trial, the enumeration of error or in the brief what improper statement of law appeared, or what a proper statement of the law relating to a flag crossing would have been, raises no question for our consideration. Nor does an assertion that the charge excepted to "failed to state that the regulations of the appellee railroad company required a flag crossing to be flagged," when the portion excepted to was: "Now was it the duty of the Coast Line under this case to maintain a flagman at this crossing? Did they have such knowledge of its danger? Did their rules stating—and there is before you in evidence that it was a flag crossing—require the train to be operated at such slow speed that the flagman could get off and get into the highway? Did it require the train to stop so the flagman could walk out there?" Nor does it amount to an improper comment on the evidence. If anything, it was favorable to the plaintiffs in directing the attention of the jury to the questions raised—all of which were but statements of plaintiffs' contentions in the form of questions.

8. After charging fully on the contentions of the plaintiffs there was no error in prefacing the next portion of the charge with "Now coming back to the defense . . ." and proceeding to charge on some of the contentions of the defendant.

9. It was not erroneous to include in the closing portion of the charge an admonition to the jury that in arriving at a verdict "neither prejudice against one party nor sympathy for another should play any part" in their deliberations. *Atlantic &c. R. Co. v. Bowen,* 125 Ga. 460 (3) (54 SE 105); *Green v. Hines,* 25 Ga. App. 202, 206 (102 SE 899); *Sellers v. White,* 104 Ga. App. 148, 149 (2) (121 SE2d 385).

10. It was not harmful error for the court to include in the charge an admonition to the jury that they were not concerned with whether there was workmen's compensation, or any insurance coverage with regard thereto, or who might be entitled to it if any there was, and that such considerations should be completely disregarded in arriving at a verdict. It was favorable to the plaintiffs, and a correct statement of the law as applied to this situation.

11. A charge that "there is no statute that requires the defendant railroad company to erect any sign at the crossing involved which states that the same is dangerous and that automobiles must come to a stop before entering such crossing. The statute law in relation to such crossing did not impose the duty on the railroad company to place any 'Georgia Law, Stop' sign at the crossing," was correct as an abstract statement of the law, and under the uncontradicted evidence that the crossing involved was a spur track, not a main line, and that there had been no designation of it as an unsafe crossing by the county commissioners, it was not error for any reason assigned.

12. There was evidence that an "unsafe crossing" sign was in place on the west side of the crossing involved when the collision occurred, and that it had been removed by somebody during the progress of the trial. The court charged: "Why the sign was removed, I don't think is any concern of yours. If the law didn't require the sign and the sign was removed only recently, it does not concern the jury." Assuming that the jury was authorized to conclude that the removal of the sign had been accomplished by the defendant, this statement of the court was nevertheless a correct one. *Georgia S. &c. R. Co. v. Cartledge,* 116 Ga. 164 (1) (42 SE 405, 59 LRA 118); *Louisville &c. R. Co. v. Barnwell,* 131 Ga. 791 (3) (63 SE 501); *Harrell v. Forsyth County,* 137 Ga. 550 (2) (73 SE 735). Neither the placing of a sign nor the removal of one *after* the time of the incident giving rise to the present

actions would be relevant or material to the issues on trial or for consideration by the jury in reaching a verdict.

13. A charge, "As to pain and suffering, if you believe in this case that the [deceased] suffered pain before his death, then you would be entitled to award something for that," was not incorrect as an abstract principle and we can see nothing in it calculated to be harmful or prejudicial to the plaintiffs. It was not error for any reason assigned.

14. The jury returned to the courtroom during deliberations and requested a recharge on the responsibility of the switchman at the crossing and the court asked at that time "Is there any question troubling the jury as to the rule of contributory or comparative negligence?" The foreman replied, "You can cover that if you will, sir," and after recharging on the matter of flagging a crossing, the court proceeded to do so. It is not contended that the recharge was incorrect, but that the court's question induced a request which the jury had not intended to make. Whether this was the case we do not decide, but even so it was not error. *Jeter v. Jones,* 135 Ga. 22 (3) (68 SE 787); *Short v. State,* 140 Ga. 780 (9) (80 SE 8).

15. The court charged that "there is no statute that requires a flagman to precede a train at a grade crossing where the grade crossing lies outside of the city limits, which is the evidence in this case and counsel for both sides agree. If in your opinion the railroad itself, of its own initiative, having its rules, which are introduced before you, specifies this as a crossing that should be flagged, and if, in your opinion as jurors, that specification required the flagman to precede the train onto the highway at the grade crossing and flag it, and you find from the evidence that it was not done, you could consider that as negligence." Appellants except to the portion stating that there is no statute requiring that a flagman precede the train at a crossing outside the city limits. We can find no error in this charge for any reason assigned. It was favorable to the plaintiffs.

16. There is exception to a lengthy excerpt from the charge dealing with the duties of a flagman at a crossing, and of how they are affected by the arising of a sudden emergency, on the ground that the charge "absolved the flagman of any negligence as well as the engineer and then puts the negligence clearly on the [deceased] with repeated emphasis, and

was not sound as an abstract principle of law and was harmful and prejudicial to the plaintiffs." We do not so find the charge. There are several separate correct principles stated in the portion excepted to, and for reasons stated in Division 5 no question is presented for our consideration.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

ARGUED APRIL 3, 1967—DECIDED APRIL 11, 1967—REHEARING DENIED APRIL 25, 1967—

*Joseph B. Bergen, Creech & Creech, James O. Creech,* for appellants.

*Bouhan, Lawrence, Williams & Levy, Alex A. Lawrence,* for appellees.